IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CHARLES ANTHONY WILLIS,

Petitioner,

v.  CIVIL ACTION NO.: CV208-119

CLAY TATUM, Warden,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Charles Anthony Willis ("Willis"), who is currently incarcerated at Decatur County Correctional Institution in Bainbridge, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction obtained in Glynn County Superior Court. Respondent filed a Motion to Dismiss, to which Willis responded. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

After pleading guilty to one count of armed robbery in 2002, Willis was sentenced by the Glynn County Superior Court to twelve years' imprisonment. Willis filed a motion to withdraw his plea, and that motion was denied. Willis filed a direct appeal with the Georgia Court of Appeals and challenged the voluntariness of his guilty plea; that court affirmed his conviction and sentence. Willis then filed a state habeas corpus petition challenging the guilty plea conviction, and his petition was denied. The Georgia Supreme Court subsequently denied Willis a certificate of probable cause to appeal.

On April 3, 2006, Willis filed a petition for writ of habeas corpus in this Court. In that petition, Willis contended that his guilty plea was involuntary, unintelligent, unknowing, and coerced, and that the plea should not have been accepted by the trial court. Willis also contended that he was denied effective assistance of trial counsel, alleging that his attorney coerced him into entering an involuntary and unintelligent guilty plea. Willis alleged that he was likewise denied the effective assistance of counsel on appeal because his appellate counsel failed to raise errors and present evidence that would have reversed his conviction. The undersigned recommended that Willis' petition be denied, and this recommendation was adopted as the opinion of the Court by Order dated February 8, 2007. (CV206-94). Willis voluntarily dismissed his appeal with the Eleventh Circuit Court of Appeals. Willis filed another state habeas corpus petition on June 14, 2007, which was denied on February 28, 2008.[1] On June 23, 2008, the Eleventh Circuit denied Willis' application for authorization to file a second or successive habeas corpus petition in federal court.

In the instant petition, Willis asserts he received ineffective assistance of trial and appellate counsel. Willis also asserts prosecutorial misconduct and that he has newly discovered evidence. Respondent asserts Willis' petition should be dismissed because his petition is successive.

## DISCUSSION AND CITATION TO AUTHORITY

Respondent avers this Court lacks jurisdiction under the "gatekeeping provision" of 28 U.S.C. § 2244(b), which governs successive petitions. Respondent alleges Willis has failed to obtain authorization from the Eleventh Circuit Court of Appeals pursuant to

---

[1] Willis filed a second federal habeas petition on March 5, 2008 (CV208-29), which he moved to dismiss voluntarily after the Respondent filed a Motion to Dismiss.

2

28 U.S.C. § 2244(b)(3)(A) to file a second or successive petition. Respondent also alleges it is unnecessary to transfer this case to the Eleventh Circuit for a determination of whether he should be granted authorization to proceed in this second or successive petition because Willis' petition is untimely under 28 U.S.C. § 2244(d).

Willis admits he raises four grounds for relief in his successive petition. (Doc. No. 9, p. 2). Willis also admits he pursued the requirements of section 2244. Willis asserts his petition should not be dismissed because the Eleventh Circuit's denial of a certificate of probable cause did not bar matters pertaining to the filing of a second federal habeas petition.

Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330-31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless-*

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(emphases added).

In the case *sub judice*, Willis may have moved the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his second or successive petition, but that court denied Willis' motion.[2] While it would ordinarily be permissible for this Court to transfer his petition to the Court of Appeals, it is not in this case. Willis' petition is barred under the gatekeeping provision of section 2244(b)(3)(A). Any claims for relief that Willis previously set forth in his other application would be dismissed. 28 U.S.C. § 2244(b)(1). Thus, Willis' claims in this petition pertaining to ineffective assistance of trial and appellate counsel should be dismissed. (See CV206-94, Doc. Nos. 15, 31). Furthermore, Willis has failed to show that any claims not set forth in his prior applications fit within the exceptions of section 2244(b)(2)(B). Willis' remaining claims, in which he alleges prosecutorial misconduct and newly discovered evidence[3], should likewise be dismissed.

---

[2] The undersigned was unable to find an entry in the Eleventh Circuit Court of Appeals' records bearing Willis' name or the docket number he provided. However, assuming as true Willis' contention he moved the Eleventh Circuit for authorization to file a second or successive federal habeas corpus petition, the Eleventh Circuit did not grant Willis' motion. Thus, this Court does not have jurisdiction to entertain this petition.

[3] Willis' newly discovered evidence claims are based on information Willis contends he discovered after he filed his first state habeas corpus petition. (Doc. No. 6, p. 4). It also appears that Willis asserts this

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**, and that Willis' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 9th day March, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

newly discovered evidence is based on alleged errors which occurred during the first state habeas corpus petition proceedings. As a matter of law, "[i]nfirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief." Vail v. Procunier, 747 F.2d 277, 277 (5th Cir. 1984).